# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:24-CV-00950-FDW-SCR

| | |
|---|---|
| DEBRA ANN CAUTHEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA et al, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Debra Ann Cauthen's ("Plaintiff") Motion for Default Judgment against the State of North Carolina, (Doc. No. 31), and Defendant State of North Carolina's ("Defendant") Motion for Extension of Time, (Doc. No. 33). For the reasons outlined below, Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE** and Defendant's Motion for Extension of Time is **GRANTED**.

## I. MOTION FOR EXTENSION OF TIME

Defendant seeks a thirty-day extension to file its answer or responsive pleading. (Doc. No. 33.) This Court's Initial Scheduling Order provides that "[e]xtensions of time to serve pleadings shall not be granted except by leave of court for good cause shown . . . . Absent extraordinary circumstances, no party shall receive more than one extension of time to serve a pleading, with any such extension being no more than twenty (20) days in duration." In light of recent amendments to the Federal Rules of Civil Procedure and Local Rules related to counting days in seven day increments, the Court now permits an extension of twenty-one days. For good cause shown, Defendant's motion is granted. Defendant must file its answer or responsive pleading by March 17, 2025.

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff seeks entry of a default judgment against Defendant. At the outset, the Court notes that Plaintiff's Motion for Default Judgment conflates the entry of default pursuant to Rule 55(a) with the entry of a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. However, "to obtain a default judgment [pursuant to Rule 55(b)], a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a)." Am. Auto. Ass'n v. J & T Body Shop, Inc., No. 3:10-cv-189-RJC-DCK, 2011 WL 5169399, at *1 (W.D.N.C. Oct. 31, 2011) (quoting Cameron v. MTD Prods., Inc., No. 5:03-cv-75, 2004 WL 3256003, at *2 (N.D.W. Va. Jan. 7, 2004)); accord Eagle Fire, Inc. v. Eagle Integrated Controls, Inc., No. 3:06-cv-264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006) ("The entry of default is a procedural prerequisite to the entry of a default judgment."). Thus, Rule 55 establishes a two-step process. Rule 55(a) provides that a clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once the clerk enters default, the party may then seek a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). Entry of a default judgment under Rule 55(b) is appropriate "when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Under Federal Rule of Civil Procedure 12(a)(1)(A), "[a] defendant must serve an answer[] within 21 days after being served with the summons and complaint." Rule 12(a)(1)(A).

Here, although Plaintiff asks for default judgment, (Doc. No. 31), in light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's Motion as one for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. However, because Defendant has timely sought an extension of time to answer and has not failed to plead or otherwise defend, entry of default is

improper.[1] Defendant asserts that it was served by a process server on January 23, 2025. (Doc. No. 37, p. 2; Doc. No. 33, p. 2.) Accordingly, its deadline to answer or respond to Plaintiff's Complaint was February 13, 2025. (Doc. No. 37, p. 2; Doc. No. 33, p. 2.) Before that deadline, on February 10, 2025, Defendant timely filed a motion for extension of time to answer, (Doc. No. 33), and this Order extends Defendant's deadline to March 17, 2025. Thus, entry of default against Defendant is not proper.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 31), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time, (Doc. No. 33), is **GRANTED**.

**IT IS SO ORDERED.**

Signed: February 13, 2025

Frank D. Whitney
Senior United States District Judge

---

[1] Plaintiff asserts that Defendant was served December 9, 2024, making its deadline to answer or respond January 7, 2025. (Doc. No. 31, p. 3.) However, the Summons was issued electronically to the United States Marshals Service for service on defendants on December 9, 2024, (Doc. No. 6), but defendants—including Defendant—were not actually served that day.